**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BENNIE LARRY HAYES, 825298,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:04-CV-2582-D** |
| | ) | |
| **DOUGLAS DRETKE, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254.  Respondent is Douglas Dretke, Director of TDCJ-CID.

**II.  Background**

On February 10, 1998, Petitioner was convicted of murder and was sentenced to thirty

years imprisonment.  On May 21, 1999, the Texas Fifth District Court of Appeals affirmed the

conviction.  *Hayes v. State of Texas*, No. 05-98-00336-CR (Tex. App. – Dallas 1999, pet. ref'd).

On October 6, 1999, the Court of Criminal Appeals denied Petitioner's petition for discretionary

review.  PDR No. 1532-99.  On December 13, 2001, Petitioner filed a petition for writ of

certiorari with the United States Supreme Court.  On May 20, 2002, the Supreme Court denied

the petition.  *Hayes v. Cockrell*, 535 U.S. 1084 (2002).  On November 4, 2002, the Court denied

Petitioner's motion for rehearing.  *Hayes v. Cockrell*, 537 U.S. 1015 (2002).

On April 27, 2000, Petitioner filed a state petition for habeas relief.  *Ex parte Hayes*,

Application No. 46,995-01.  On October 11, 2000, the Court of Criminal Appeals denied the

petition without written order on the findings of the trial court.  On September 2, 2003, Petitioner

filed his second state application for writ of habeas corpus.  *Ex parte Hayes*, Application No.

46,995-02.  On January 28, 2004, the Court of Criminal Appeals dismissed the petition as

successive.

On November 30, 2004, Petitioner filed this federal petition.  He argues: (1) the

indictment was void or defective; (2) the prosecutor committed misconduct; (3) he is actually

innocent; (4) he was denied his right to a speedy trial by jury; (5) the evidence was insufficient;

and (6) he was subjected to double jeopardy.  On January 21, 2005, Respondent filed a

preliminary response arguing that the petition is time-barred.  On January 31, 2005, Petitioner

filed his reply.  The Court now finds the petition is barred by the one-year statute of limitations.

**III.  Discussion**

**(a) Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.

Ed. 2d 481 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214

(1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On May 21, 1999, the Fifth District Court of Appeals affirmed Petitioner's conviction. On October 6, 1999, the Texas Court of Criminal Appeals denied the petition for discretionary review. Petitioner did not file a timely petition for writ of certiorari with the United States Supreme Court.[2] The conviction therefore became final ninety days after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2]Under United States Supreme Court Rule 13, a petition for writ of certiorari must be filed within 90 days. Petitioner did not file his petition until December 13, 2001.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner's conviction became final therefore, on January 4, 2000.  Petitioner then had one year, or until January 4, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On April 27, 2000, Petitioner filed a state habeas petition.  This petition tolled the limitations until it was denied on October 11, 2000.  The state petition was pending for 168 days, and extended the limitations period to June 20, 2001.  Petitioner filed his second state habeas on September 2, 2003.  This petition did not toll the limitations period because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition no later than June 20, 2001.  He did not file his petition until November 30, 2004.  His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is actually innocent.  Petitioner, however, has not shown that he was actively mislead by the State, or that he was prevented is some extraordinary way from asserting this claim.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 25th day of April, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -6-